IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FT. WORTH DIVISION

| | |
|---|---|
| **FAINA LYPKO,**<br>  *Plaintiff*,<br><br>v.<br><br>**SULZER GTC TECHNOLOGY US, INC.**<br>  *Defendant*. | §<br>§<br>§<br>§ **CIVIL ACTION NO. 4:21-cv-00743**<br>§<br>§<br>§<br>§ |

## PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff Faina Lypko ("Lypko" and/or "Plaintiff") and files this, her Original Complaint and Jury Demand against Defendant Sulzer GTC Technology US, Inc., ("GTC" or "Defendant") to redress an age and gender based discriminatory wrongful termination, arising under Title VII of the Civil Rights Act of 1964, as amended, the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, *et seq.,* and the Texas Commission on Human Rights Act, TEX. LAB. CODE § 21.001, *et seq*. In support of Mrs. Lypko's claims, she respectfully states as follows:

### I. JURISDICTION AND VENUE

1. This Court has jurisdiction to hear the merits of Plaintiff's claims under 28 U.S.C. §§ 1331 and 1343(a)(4). The Court has supplemental jurisdiction over Plaintiff's claims under the Texas Labor Code and Texas Law because those claims are so related to the claims in the action with the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.  28 U.S.C. § 1367.

2. Venue is proper in this district under 28 U.S.C. § 1391.

## II. PARTIES

3. Plaintiff is a female over the age of 40 and resident of Plano, Texas.

4. Defendant is a Delaware Corporation registered and doing business in Texas, operating an office at 1400 Westpark Way, Euless, TX 76040 and registered agent – CT Corporation System, 1999 Bryan Street, Ste. 900, Dallas, TX 75201.

5. Defendant is an employer within the meaning of 42 U.S.C. §12111(5)(A), and TEX. LAB. CODE § 21.002(8). At all times relevant to this complaint, Defendant has had over five hundred employees.

## III. FACTUAL BACKGROUND

6. From approximately 2001-2008, Mrs. Lypko was working for Koch-Glitsch ("KG"), a subsidiary of Koch Industries. Mrs. Lypko first began directly working for GTC in January 2009, working as a Lead Designer in the Euless, Texas office. Mrs. Lypko was responsible for engineering/designing mass transfer equipment for refineries and other industrial applications.

7. Mrs. Lypko was recruited to GTC by former co-worker Mr. Kim. Mr. Kim interviewed and made the decision to hire Mrs. Lypko, holding the role as her manager.

8. In his time as Mrs. Lypko's manager, Mr. Kim would consistently explain to Mrs. Lypko that she was receiving the highest employment ratings that he was permitted to give to his employees.

9. For the duration of her employment, Mrs. Lypko gave her best efforts to GTC, anticipating being able to work for GTC through the end of her career.

10. Unfortunately, attitudes began to change in late 2017, when Mr. Kim was moved out of his manager position and replaced by Larry Burton.

11. Mr. Burton began showing his biases against Mrs. Lypko early on and in an effort to push her out of her Lead Designer position. Mrs. Lypko was receiving different treatment from the other younger males on the design team. As Mr. Burton was hired and personal friends with his boss, Brad Fleming, Mrs. Lypko did not feel comfortable complaining about his behavior.

12. Based on her performance during 2017 under Mr. Kim, Mrs. Lypko received a positive performance evaluation on or about March/April 2018, typical of those she received throughout her career with GTC.

13. Nevertheless, during this same time frame, Mrs. Lypko began experiencing ageist comments and treatment different from her younger male design counterparts.

14. Telling of Mr. Burton's attitude was an instance in which Mr. Burton blamed Mrs. Lypko, in front of the design team, for making a mistake on some technical drawings. When Mrs. Lypko pointed out the drawings were not hers and were actually initialed by another employee, Mr. Burton continued to complain about her performance to Kay Stevens – HR, and his manager, Brad Fleming.

15. Mr. Burton would also make ageist comments such as "You are not so young to [perform certain tasks]," asking her how old she was, and indicating that she might be too old to learn or take on new projects.

16. Notably, Mrs. Lypko was significantly older than her other design counterparts and the only female working on the team. Indeed, Mrs. Lypko was the oldest full-time employee in the Euless office.

17. At the time of her termination, the team member closest in age was approximately 17 years younger – G.B. The other three team members, N.W., G.H., and A.R., were all under the age of 40.

18. On or about October 8, 2018, Mrs. Lypko was unexpectedly terminated from her position by General Manager Brad Fleming. Upon inquiring about the reason for her termination, the company refused to give a response verbally or in writing.

19. Mrs. Lypko was approximately 65 years old at the time of her wrongful termination.

20. Upon information and belief, Mrs. Lypko's job duties were taken over by a substantially younger male.

21. Mrs. Lypko promptly filed a Charge of Discrimination with the EEOC, co-filed with the TWC, on or about March 21, 2019, preserving both her federal and state rights. Plaintiff received a notice of right to sue from the EEOC on March 15, 2021 and has requested a right to sue letter from the TWC.

### IV. CAUSES OF ACTION

**A. Age Discrimination – TCHRA and ADEA**

22. Plaintiff re-alleges and incorporates the allegations contained in the Paragraphs above as if fully stated herein.

23. Plaintiff has satisfied all jurisdictional prerequisites in connection with her claims under the ADEA and TCHRA.

24. Defendant's actions, including but not limited to Plaintiff's termination, was undertaken because of Plaintiff's age. These actions constituted a continuing violation of the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621, *et seq. and the* TEX. LAB. CODE § 21.001, *et seq.*

25. Due to Defendant's actions, including but not limited to Plaintiff's ultimate termination, Plaintiff has suffered, and continues to suffer, damages including but not limited to lost wages, both past and future, the value of fringe benefits, emotional pain, suffering, inconvenience,

mental anguish, and loss of enjoyment of life.

26. Defendant's actions referenced in the paragraphs above were willful, entitling Plaintiff to liquidated damages under the ADEA and compensatory damages under the TCHRA.

27. Defendant's actions referenced in the paragraphs above were intentional, malicious, and committed with reckless indifference to Plaintiff's federally and state-protected rights, entitling Plaintiff to compensatory and punitive damages.

28. Defendant's actions referenced above have caused Plaintiff to retain the services of the undersigned counsel in order to pursue her state and federal rights in this action. Plaintiff seeks her reasonable attorneys' fees and costs in this matter.

**B. <u>Gender Discrimination – Title VII and TCHRA</u>**

1. Plaintiff re-alleges and incorporates the allegations contained in the Paragraphs above as if restated herein.

2. Defendant's actions as described herein constitute unlawful gender discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended, *and the* TEX. LAB. CODE § 21.001, *et seq.*.

3. As a result of the unlawful discriminatory actions of Defendant, Plaintiff has suffered and will suffer actual damages in the form of lost wages, medical and mental health costs, both past and future, and lost employment benefits, for which she hereby sues.

4. As a further result of Defendant's discriminatory actions, Plaintiff has suffered non-pecuniary losses, including but not limited to emotional pain, suffering, inconvenience, personal humiliation, mental anguish, loss of enjoyment of life, and other non-pecuniary damages, for which she hereby sues.

5. At all times relevant to this action, Defendant acted with malice or reckless indifference to Plaintiff's protected rights, thus entitling Plaintiff to punitive damages.

6. Plaintiff seeks attorneys' fees and costs of suit.

## V. JURY DEMAND

29. Plaintiff hereby demands a jury trial on all issues, claims, actions, and defenses against Defendant.

## VI. PRAYER

WHEREFORE, Plaintiff, respectfully requests that the above-named Defendant be cited to appear in this matter and that, after jury trial by proof, Plaintiff be awarded:

   i. Back pay, including but not limited to, lost wages and other employment benefits;

   ii. Reinstatement to her position of employment, equivalent position of employment, or the position of employment she would have enjoyed but for the discrimination and retaliation;

   iii. In the event that reinstatement is not feasible, front pay with respect to all pay and benefits Plaintiff would have received but for termination;

   iv. Judgment against Defendant for compensatory damages including emotional pain, suffering, inconvenience, mental anguish, and loss of enjoyment of life;

   v. Actual damages;

   vi. Punitive damages;

   vii. Liquidated damages in the maximum amount allowed by law;

 viii. Judgment against Defendant for Plaintiff's reasonable attorneys' and experts' fees; costs of suit;

 ix. Prejudgment and post-judgment interest as allowed by law; and

 x. Such other and further legal and/or equitable relief to which Plaintiff may be justly entitled, as this court may deem proper.

Respectfully Submitted          Date: June 11, 2021

                 */s/ Adam S. Greenfield*_____
                 Adam S. Greenfield
                 State Bar No. 24075494
                 Email: agreenfield@candglegal.com
                 *Board Certified in Labor & Employment Law by the Texas Board of Legal Specialization*

                 **LAW OFFICE OF CLOUTMAN & GREENFIELD, P.L.L.C.**

                 3301 Elm Street
                 Dallas, TX 75226-1637
                 Phone 214.642-7486